IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FRANCISCO PABLO JUAN,

Petitioner,

vs.

WARDEN, MCCOOK, et al.,

Respondents.

8:26-CV-647

ORDER TO SHOW CAUSE

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Grant Dugdale of the Nebraska Attorney General's Office as counsel for Warden. McCook, and add Assistant U.S. Attorney Christopher L. Ferretti for the other respondents solely for the purpose of providing notice and so that the U.S.

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

Attorney's Office may assign counsel of record, and shall after doing so regenerate the filing for the petition.

2. The respondents shall, on or before **October 30, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

   b. Such affidavits and exhibits as are necessary to establish the circumstances of the petitioner's initial contact with U.S. immigration officials, the basis for and conditions of his release from custody, if any, and a procedural history of his immigration and release status from the time of his initial encounter with U.S. immigration officials to the present;

   **c. Any documentation in the respondents' possession relevant to the petitioner's claim to be a member of a plaintiff class in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026), including any I-360 petition and the alleged basis for such petition (to the extent it may be lawfully disclosed pursuant to 8 U.S.C. § 1367).**

d. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

e. The government's position on whether an evidentiary hearing should be conducted; and

f. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4. The petitioner may reply in support of the petition on or before November 6, 2026.

5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 23rd day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge